FILED

2022 Feb-04  PM 12:08
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **BRENDA NORFLEET,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No.: 2:21-cv-00327-ACA** |
| | ) | |
| **EDDCO MAINTENANCE** | ) | |
| **CONTRACTORS, LLC, et al,** | ) | |
| | ) | |
| **Defendants** | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Brenda Norfleet filed a complaint against Defendants Eddco Maintenance Contractors LLC ("Eddco"), Task Force Maintenance Inc. ("Task Force"), Edward Coleman, and Barbara Coleman (collectively "Defendants") alleging failure to pay overtime in violation of the Fair Labor Standards Act ("FLSA"). (Doc. 1). Defendants moved to dismiss, asserting various deficiencies in the complaint's allegations. (Doc. 20). After full briefing, Ms. Norfleet filed the instant motion to amend the complaint. (Doc. 28). For the reasons discussed below, the court **GRANTS** Ms. Norfleet's motion for leave to file an amended complaint and **DENIES** Defendants' motion to dismiss Ms. Norfleet's original complaint as moot.

# I.    BACKGROUND

Ms. Norfleet filed this lawsuit in March 2021 on behalf of herself and others similarly situated.  (Doc. 1).  She alleges that Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay overtime to employees working over forty hours per week.  (*Id*.).  In August 2021, Defendants moved to dismiss Ms. Norfleet's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).  (Doc. 20).  After briefing was completed but before the court ruled on the motion to dismiss, Ms. Norfleet filed this motion for leave to file a first amended complaint. (Doc. 28).

Defendants argue in their motion to dismiss that Ms. Norfleet's allegations in her original complaint are conclusory and fail to state a claim.  (Doc. 20 at 6–10). According to Ms. Norfleet, her proposed amended complaint contains additional facts that cure those alleged deficiencies.  (Doc. 28-1).

The facts in the light most favorable to the plaintiff are as follows.  Defendants Edward and Barbara Coleman are the owners and incorporators of Task Force, an Alabama limited liability company.  (Doc. 28-2 at 3–4 ¶¶ 6, 8–9).  Task Force is the sole member of Eddco, an Alabama limited liability company.  (*Id*. at 2–3 ¶¶ 5–7). Together, Task Force and Eddco constitute an "integrated enterprise" under the FLSA.  (*Id*. at 3 ¶ 7).  Defendants operate a business that contracts with third parties to provide cleaning and maintenance services.  (*Id*. at 4 ¶ 12).  As part of their

business, Defendants hire employers like Ms. Norfleet to perform cleaning and maintenance services for the business's clients. (*Id*. at 8 ¶¶ 31–32). Defendants were directly responsible for scheduling, payroll, work assignments and supervision, as well as hiring and firing of staff. (*id*. at 6 ¶ 22).

Ms. Norfleet worked for the Defendants providing cleaning and maintenance services from January 2014 until October 2020. (*Id*. at 12 ¶¶ 45, 46). During this time, Defendants assigned Ms. Norfleet to worksites in Alabama, Mississippi, Georgia, and Tennessee. (*Id*. at 5 ¶ 14). Assignments in Mississippi, Georgia, and Tennessee often lasted weeks or months at a time and required Ms. Norfleet and other employees to remain out-of-state for extended periods. (*Id*. at 4–5 ¶¶ 13, 15). As an employee for Defendants, Ms. Norfleet transported tools and equipment across state lines and manufactured outside the State of Alabama. (Doc. 28-2 at 5 ¶ 17).

Although Ms. Norfleet's duties often required her to work more than forty hours per week, she was not paid overtime for hours in excess of forty hours per week. (*Id*. at 12 ¶ 49).

## II.    DISCUSSION

Federal Rule of Civil Procedure 15 requires the court to "freely give leave [to amend the complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). "A court may consider several factors when deciding whether to grant a motion to amend,

including undue delay, bad faith or dilatory motive . . . , repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1340 (11th Cir. 2014) (quotation marks omitted) (alterations in original).

Here, Defendants argue that amending the complaint is futile because the proposed amended complaint would be subject to dismissal.  (Doc. 30 at 2–3). Defendants also argue that allowing amendment would be unduly prejudicial because they already went through the time and expense of defending against the initial complaint.  (*Id*. at 4).

### A. <u>Futility</u>

An amendment is futile if "the complaint as amended [would be] subject to dismissal." *Id*. (internal quotations omitted).  Therefore, in deciding whether to grant leave to amend, the court evaluates the allegations in Ms. Norfleet's proposed amended complaint to determine whether she pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Defendants argue that allowing amendment would be futile because Ms. Norfleet did not—and cannot—allege the Defendants are subject to the provisions of the FLSA.  (Doc. 30 at 2–3).  Defendants also contend that, even if they were

subject to the FLSA, Ms. Norfleet's claims are barred by the statute of limitations. (*Id*. at 2).

Defendants' argument that they are not subject to the FLSA consists of nothing more than an identification of potential issues with Ms. Norfleet's claims that is insufficient to show Ms. Norfleet's proposed amended complaint would be subject to dismissal. The inquiry at the motion to dismiss stage is not whether Ms. Norfleet will ultimately prevail on her claim but whether she has presented "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The requirements to state a claim of a FLSA violation are quite straightforward." *Sec'y of Labor v. Labbe*, 319 Fed. Appx. 761, 763 (11th Cir. 2008). Allegations that the defendant(s) is a covered employer and failed to properly pay its employees overtime for hours worked in excess of forty hours a week are sufficient to withstand a motion to dismiss. *See id*.

Assuming, as we must, that Defendants are subject to the FLSA, we turn to the issue of the statute of limitations. Defendants contend that Ms. Norfleet's claim is time-barred (doc. 30 at 2), but this is not entirely accurate. Generally, FLSA claims must be "commenced within two years after the cause of action accrued." 29 U.S.C. § 255(a). Claims alleging willful violations of the FLSA have a three-year statute of limitations. *Id*. Ms. Norfleet filed her lawsuit in March 2021, alleging FLSA violations between January 2014 and October 2020. (Doc. 28-2 at 12–14 ¶¶

45, 46, 54).  Under the FLSA, "[e]ach failure to pay overtime constitutions a *new* violation" and "gives rise to a new cause of action."  *Knight v. Columbus, Ga.*, 19 F.3d 579, 581–82 (11th Cir. 1994) (emphasis in original).  Therefore, only Ms. Norfleet's claims for pay periods before March 2018 are absolutely barred and claims for pay between March 2018-2019 are barred in the absence of proof that Defendants' violations were willful.

## B. <u>Undue Prejudice</u>

A motion to amend may also be denied if amendment would unduly prejudice the defendants.  *Maynard v. Univ. of South Fla.*, 342 F.3d 1281, 1287 (11th Cir. 2003).  But leave to amend must be "freely given when justice so requires," and therefore there must exist a "substantial reason to deny leave to amend."  *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984) (quotations omitted).  Undue prejudice is inherent "in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided."  *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999).  But "the lengthy nature of litigation, without any other evidence of prejudice to the defendants or bad faith on the part of the plaintiffs, does not justify denying the plaintiffs the opportunity to amend."  *Bryant v. Dupree*, 252 F.3d 1161, 1164 (11th Cir. 2001).

Defendants contend they are a "mom and pop operation" and that "further delay and expense in this matter would be unduly prejudicial," but they elaborate no further.  (Doc. 30 at 4).

This case is still in its very early stages.  Ms. Norfleet filed her motion for leave to file an amended complaint only eight months after initially filing her lawsuit, less than five months after serving these Defendants, and before the court entered its initial order.  (*See* docs. 1, 14–17, 28, 32); *cf. Campbell*, 166 F.3d at 1162 (affirming denial of leave to amend for a motion filed nearly six years after the lawsuit began and after discovery had ended).  The court has not set any deadlines in this matter and no discovery has been conducted.  That the Defendants have previously filed a motion to dismiss the initial complaint and wish to avoid further litigation are not grounds for denying Ms. Norfleet leave to amend.

At this stage, the Defendants have demonstrated no substantial reason for the court to deny Ms. Norfleet's motion for leave to file an amended complaint. Accordingly, the court denies Defendants' arguments to deny Ms. Norfleet's motion on that ground.

### III.   <u>CONCLUSION</u>

For the reasons given above, the court **GRANTS** Ms. Norfleet's motion for leave to file an amended complaint.  (Doc. 28).  Accordingly, the court **DENIES**

Defendants' motion to dismiss Ms. Norfleet's original complaint as moot.  (Doc.

20).

               **DONE** and **ORDERED** this February 4, 2022.

_____

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE